No. 466

First Circuit

SMITH v. N. O. & G. N. R. R. CO.

(June 10, 1929. Opinion and Decree.)
(June 28, 1929. Opinion and Decree.)
(October 8, 1929. Writ of Certiorari and Review Refused by Supreme Court.)

Bascom D. Talley, of Bogalusa, attorney for plaintiff, appellee.

Miller & Heintz, of Covington, attorneys for defendant, appellant.

LECHE, J. The present suit was instituted to recover damages to live stock while being transported from Bogalusa, La., to New Orleans.

Plaintiff shipped two carloads of cattle, one load in car 10039 N. O. G. N. on November 30, 1927, and another in car 10057 N. O. G. N. on March 8, 1928. He claims that in the first shipment, one cow of the value of $35 was killed and two other cows bruised and damaged to the extent of $61.25, resulting in a loss to him amounting to $96.25. He further claims the value of five oxen killed and one ox bruised on the second shipment, entailing a loss upon him amounting to $325; that his said losses amounting to $421.25 were caused by the fault and negligence of the defendant; and that he is entitled to recover said amount as well as costs of this proceeding.

The main defense is that in both shipments the cars loaded by plaintiff himself were overloaded and improperly loaded, and that the injury to the cattle was the result of plaintiff's own fault and negligence.

The district court awarded judgment in favor of plaintiff as prayed for, and defendant has appealed.

It does not appear to be questioned that in a contract of affreightment, it is the duty of the carrier to transport safely the commodity which is intrusted to it for transportation, and to deliver the same to the consignee in the same order and condition as when it was received. This recognized rule then imposes upon the carrier, when it disclaims responsibility for injury to property in transit, carried by it, the duty of proving defendant has proved itself free of any fault or negligence.

The bill of lading admits that defendant received all the cattle in both shipments in apparent good order and condition, and the injury and damage to such cattle when delivered to the consignee is not questioned. It remains therefore to be determined whether defendant has proved itself free of any fault or negligence.

Two veterinary surgeons were sworn as witnesses, and through them defendant attempted to prove that the cattle were affected with tick fever and that they died from that cause. The most that we can gather from the testimony of these gentlemen is that such a cause was a mere possibility, but they by no means certify to that as a fact. One of them admits that if the animals had been suffering from tick fever, they could not have stood the dipping to which they were subjected just previous to their being loaded on the cars. It is shown by the testimony of several witnesses that the cattle had been dipped a couple of weeks before shipment, kept in tick-free inclosures, and again dipped before being loaded. So that this defense does not appear to account for the death of the animals. Again, all these cattle originally came from tick-infested territory where they were bred and kept, and other witnesses experienced in cattle raising say that cattle raised under these conditions never die of tick fever.

Nor are we impressed with the defense that the cars were overloaded. It is shown

that the weight of the cattle in each of the two cars was approximately that usually carried in cars of that type and dimension. W. L. Hodges, a livestock commission merchant in New Orleans, who says that he handles about 50 per cent. of the incoming shipments at the stock landing and about 90 per cent. of shipments outgoing, says that the best, and we judge the safest, way to ship cattle is to load them close up so that they cannot lie down, and that the cars involved in this case did not appear to be overloaded. The only reasonable deduction to be drawn from the testimony is that the damage done, at least to the car containing 43 head, was caused by improper and rough handling, and violent jarring, jerking, and sudden stoppings of the car. Plaintiff claims damages to the stock in this car amounting to $96.25, and we think he is entitled to recover that sum.

The other car, containing 5 bulls and 23 steers, was improperly loaded, and we are of the opinion that the damage and injury to the stock which it contained was caused by plaintiff's own fault. The bulls were not securely tied. Plaintiff used small cotton rope, which could not stand the strain to which it was subjected, and it is shown that one of the bulls broke loose before the car left Bogalusa, pranced about, and caused the small cotton ropes with which the other 4 had also been tied to break or loosen, and soon there was a "free for all" fight.

This car was loaded by the plaintiff, and it was incumbent upon him to tie and securely fasten these bulls, whose naturally ferocious nature is well known. There is no doubt that he failed to do this, and that the bulls got on the rampage, caused all the damage of which the plaintiff complains, and that the loss occurred through plaintiff's own fault.

For these reasons the judgment appealed from is amended and reduced to the sum of $96.25, and as thus amended and reduced, it is affirmed; plaintiff to pay costs of appeal.

MOUTON, J., not participating.